IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS ALBERTO SEMINARIO-MARCOS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 26-421** |
| | : | |
| **JL JAMISON, BRIAN MCSHANE, TODD LYONS, KRISTI NOEM, THE U.S. DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI** | : : : : | |

# ORDER

**AND NOW**, this 6th day of February 2026, following yesterday's extended hearing (ECF 9) accepting oral argument and welcoming evidence on the incarcerated Plaintiff's counseled Petition for habeas corpus (ECF 1) and Motion for temporary restraining order (ECF 2), Respondents' timely Opposition (ECF 7), Petitioner's reply (ECF 10), no party adducing testimonial evidence, and finding no basis for mandatory detention under an expedited removal process compliant with due process as applied in this case but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, it is **ORDERED** we **GRANT in part** the Petition for habeas corpus (ECF 1) and Motion for temporary restraining Order (ECF 2):

1. **FINDING** Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as Petitioner met his burden of demonstrating, on a preliminary record, a deprivation of procedural due process after evaluating the Petitioner's private interests in ongoing detention absent due process, the substantial risk of erroneous detention, and Respondents' interest in ensuring compliance and consistency in expedited removal procedures having found injunctive relief is immediately warranted based on:

  a. a strong likelihood of success as to Respondents' improper detention of him beginning January 20, 2026, including Respondents did not adduce evidence of a valid expedited removal process after notice at several stages, depriving Petitioner of due process of law including prejudicially deficient compliance with their obligations under an expedited removal process upon entry into the United States on December 24, 2021; the lack of demonstrated notice to Petitioner of his rights and obligations; failure to address his rights during the January 20, 2026 credible fear interview; and, failure to timely address his January 20, 2026 confirmed appeal of the negative finding after the credible fear interview;[1]

  b. irreparable harm in his continued incarceration without due process absent contrary argument from Respondents who focused entirely on the validity of their immediate incarceration;

  c. the public interest in ensuring procedural due process for all persons consistent with Congressional mandates weighs in favor of immediate injunctive relief;

2. **REQUIRING** Respondents:

  a. **Forthwith** release Petitioner Carlos Alberto Seminario-Marcos from custody as soon as possible and confirm their anticipated strict compliance with this release obligation by filing a Certification of Respondents' counsel no later than **NOON EST** on **February 7, 2026**;

  b. Are temporarily enjoined from re-detaining Petitioner Carlos Alberto Seminario-Marcos until no earlier than **February 23, 2026** and should Respondents choose to pursue re-detention, they must first provide Petitioner with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

    c.  Shall not remove, transfer, or otherwise facilitate the removal of Petitioner Carlos Alberto Seminario-Marcos from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Seminario-Marcos is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Seminario-Marcos from this District for unforeseen or emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Seminario-Marcos;

  3.  **DENYING** Petitioner's request for fees and costs given Respondents' arguments in an expedited evidentiary hearing based on what they knew at the time of filings; and

  4.  **DIRECTING** the Clerk of Court **CLOSE** this case.

                    **KEARNEY, J.**

---

[1] We noted several questions of fact arising from Petitioner's habeas petition and Motion for a temporary restraining order followed by Respondents' Opposition and Petitioner's Reply (ECFs 1, 2, 7, 10). Several questions concerned whether Respondents provided notice to Petitioner of the expedited removal procedures following his December 24, 2021 seizure based on an expedited removal process. We noted the lack of an immigration officer's or Petitioner's signature on the December 28, 2021 Notice and Order of Expedited Removal. ECF 7-1. We had no basis to find he consented to an expedited removal process with automatic detention let alone knew his rights as a person from Peru. We also noted Respondents' Form I-213 and I-831 Continuation Pages from the January 20, 2026 seizure may include inaccurate facts. ECF 7-3.

We set a hearing affording the parties an opportunity to explain the expedited removal process allowing Respondents to argue Petitioner remains subject to automatic detention. ECF 9. We afforded counsel more than the allotted time to allow each to address the inconsistencies. The parties elected to not adduce evidence leading to several unanswered questions about how Petitioner came to be considered in expedited removal status and how Respondents chose to detain him over four years after he entered the United States. The transcript will more fully reflect the extent of our concerns with the way Respondents afforded notice and an opportunity to be heard and otherwise treated the Petitioner given he posed no risk of flight or harm to the community. We also learned several largely undisputed facts. Three facts adduced only at the hearing bear specific mention in our analysis:

- Respondents introduced different December 28, 2021 Notice and Order of Expedited Removal (not the document attached to their Opposition (ECF 7-1)) for the first time at the hearing claiming the newly produced document was merely the hard-copy version of the earlier electronic version attached to their Opposition (ECF 7-1) but which somehow now contained Petitioner's signature on the back of the page. But this assertion was undermined by material differences between the two documents. The electronic version (ECF 7-1) lacked both the immigration officer's signature and Petitioner's signature, reflected the 5/11 version of the form, and identified Petitioner as "Carlos A. Seminario-Marcos." The newly produced document reflected a 08/01/07 version of the form, contained an immigration officer's signature and Petitioner's signature on the back, identified Petitioner as "Carlos Alberto Seminario-Marcos," and appeared on an entirely different letterhead. Respondents could not credibly explain how they afforded Petitioner notice of his expedited removal status since we could not rely upon a signature on the back of a document different than the one they swore to be accurate a few days earlier.

- Respondents could not credibly address what happened during the January 20, 2026 credibility of fear interview in Dover leading to the immediate and continuing detention in Philadelphia. They could not detail what happened in this interview, including the presence of an interpreter, but conceded the interviewing officer inaccurately represented the Petitioner's status as being released on his own recognizance in December 2021. *See* 8 C.F.R. §208.30(d)(5).

- Respondents did not try to credibly explain why the immigration officers have not provided Petitioner with his required appeal decision shortly after his admitted January 20, 2026 appeal of a negative finding of credibility of fear in returning to Peru as required by Congress. *See* 8 U.S.C. §1225(b)(1)(B)(iii)(III) ("Review shall be concluded as expeditiously as possible, to the maximum extent practicable within 24 hours, but in no case later than 7 days after the date of the [negative finding of credibility of fear] determination.")

We are mindful of the exigencies inherent in a habeas petition given Respondents' present approach to persons in this Country for several years and who are not a risk of flight or danger to the community. The conduct studied in our hearing (including the varying documents and representations made in a federal court) may warrant further study in a more fulsome examination but our obligation is to ensure due process and end improper detention when warranted. And where Respondents do not show the required due process, we order the release of the improperly detained person as soon as practicable. Respondents may proceed consistent with due process and the law. But they have not done so to date.